■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORTON KAMENSTEIN, Respondent, v. NATHAN BECKENSTEIN, as Director of Brooklyn State Hospital, Appellant.— In a habeas corpus proceeding, the director of the

Brooklyn State Hospital appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, entered February 16, 1966, as (1) sustained the writ; (2) directed the appellant to comply with subdivision 3 of section 73 of the Mental Hygiene Law, "so long as relator remains an involuntary patient"; and (3) directed that certain periodic reports be made by the director of the Mental Health Information Service "should relator in the meantime consent to become a voluntary patient". Order, insofar as appealed from reversed on the law, without costs; writ dismissed, and relator remanded to appellant's custody. No questions of fact have been considered. The learned Justice at Special Term decreed in a portion of the order not appealed from that "the mentally ill condition of the relator herein having been established the relator be and he hereby is remanded to the custody of the Brooklyn State Hospital". That directive exhausted the court's jurisdiction in this proceeding (CPLR 7002, 7010; see also, *People ex rel Tatra* v. *McNeill,* 19 A D 2d 845). Under CPLR 7010 (subd. [c]): "If the person detained is not ordered discharged * * * a final judgment shall be directed dismissing the proceeding". Moreover, we note that the appealed paragraphs of the order directing the Hospital director and the Mental Health Information Service to perform certain acts constitute a remedy in the nature of mandamus. Such relief is not available in a habeas corpus proceeding; and, in any event, there has been no formal administrative action which may raise the pertinent issue as to "whether the body or officer failed to perform a duty enjoined upon it by law" (CPLR 7803, subd. 1). Christ, Acting P. J., Brennan, Hill and Rabin, JJ., concur; Hopkins, J. concurs in the result, with the following memorandum: I agree that once a finding is made that the relator is mentally ill under the applicable standards, the remedy of habeas corpus no longer lies. Nevertheless, I think that a mentally ill person is entitled to all the safeguards of the law, and that habeas corpus may be employed to test the jurisdiction of the court and the detention of the person (*People ex rel. Grankofski* v. *Whitehead,* 10 A D 2d 801, affd. 8 N Y 2d 962). A person may be released by habeas corpus, if the statute under which he is detained is unconstitutional (*People ex rel. Moskowitz* v. *Jenkins,* 202 N. Y. 53; *Yick Wo* v. *Hopkins,* 118 U. S. 356). Consequently, I would construe the provisions of the present Mental Hygiene Law as affecting all mental patients confined to an institution, whether admitted before or after the amendment to the law (cf. Mental Hygiene Law, § 217), so as to avoid any question of invalidity under the equal protection clause of the 14th Amendment, and our own Constitution (N. Y. Const., art. I, § 11; cf. *Baxstrom* v. *Herold,* 383 U. S. 107).